[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moved for summary judgment on the ground that no genuine issue of material fact exists and, therefore, he is entitled to judgment as a matter of law. The complaint alleges, inter alia, that the defendant fraudulently induced one of the plaintiffs to act to plaintiff's detriment and that there existed a fiduciary relationship between the two parties. The defendant argues that such was not the case and, in effect, that the plaintiff cannot sustain his burden of proof.
Whether or not the plaintiffs, or either of them, can sustain the burden of proving one or more of the allegations of the complaint is not under consideration by the court in viewing the motion for summary judgment. Section 384 of the Practice Book CT Page 2472 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Gurliacci v. Mayer,218 Conn. 531, 561 (1991).
In deciding a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Noland v. Borkowski,206 Conn. 495, 500 (1988). The pleadings, affidavit and other proof submitted here detail the existence of genuine issues of material fact that cannot be decided by a motion for summary judgment.
The motion for summary judgment is denied.
BY THE COURT
LEANDER C. GRAY, JUDGE